# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

June 22, 2009

Charles R. Fulbruge III
Clerk

No. 08-60565
Summary Calendar

SUKHJINDER SINGH KHASRIA,

Petitioner,

versus

ERIC H. HOLDER, JR., U.S. Attorney General,

Respondent.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A97 545 831

Before SMITH, STEWART, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Sukhjinder Khasria petitions for review of the denial by the Board of Immigration Appeals ("BIA") of his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). The BIA adopted and affirmed the decision of the immigration judge ("IJ"), so we review the decision

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of the IJ. *See Mikhael v. INS*, 115 F.3d 299, 302 (5th Cir. 1997).

Khasria challenges the IJ's finding that Khasria's allegations of persecution stemming from an August 2001 political rally were not credible. The record discloses that Khasria's oral testimony was inconsistent with his asylum application on issues material to his asylum claim, and Khasria offered no plausible explanation for the inconsistencies. The evidence therefore does not compel a conclusion that he was credible, *see Lopez de Jesus v. INS*, 312 F.3d 155, 161 (5th Cir. 2002), and we will not reverse the IJ's finding in that regard.

The evidence does not compel a conclusion that Khasria was persecuted on account of his political opinion or that he established a well-founded fear of future persecution. *See Lopez-Gomez v. Ashcroft*, 263 F.3d 442, 444 (5th Cir. 2001). A reasonable factfinder could find, based on the evidence, that Khasria was not detained and beaten in December 2001 on account of his political opinion. With regard to a fear of future persecution, Khasria's own evidence refutes his allegations that (1) Punjabi Sikhs holding pro-Khalistani views are systematically persecuted, and (2) he could not safely relocate in India. Because Khasria has failed to satisfy the requirements for asylum, he has also failed to satisfy the requirements for withholding of removal. *See Girma v. INS*, 283 F.3d 664, 667 (5th Cir. 2002).

With regard to his CAT claim, Khasria has not established that it is "more likely than not" that he would be tortured if removed to India. *See* 8 C.F.R. § 1208.16(c)(2); *Efe v. Ashcroft*, 293 F.3d 899, 907 (5th Cir. 2002). Khasria's evidence established that, as a common member of the Shiromani Akali Dal Party, he is not at a high risk for persecution and that it is unlikely that Punjab police would pursue him outside the state if he chose to relocate within India. Consequently, the IJ's disposition of Khasria's CAT claim is supported by substantial evidence. *See Ontunez-Tursios v. Ashcroft*, 303 F.3d 341, 353 (5th Cir. 2002).

The petition for review is DENIED.